Sociedad Agrícola de Gurabo, Apelada, v. Hernández et al.,
Apelantes.

Apelación procedente de la Corte de Distrito de Humacao.

No. 947.—Resuelto en junio 24, 1913.

Injunction—Reparación de un Edificio—Solar del Municipio.—Los apelantes
obtuvieron permiso por medio de ordenanza aprobada por el Concejo Muni-
cipal de Gurabo para reconstruir parte de una casa de su propiedad edificada
sobre solar del municipio, cuya reconstrucción había de hacerse en los mismos
puntos y en el mismo sitio ocupado por la parte que se deseaba reparar.   De
acuerdo con otra ordenanza del mismo municipio, entre dos casas de madera
debe existir un espacio de dos metros.   Los apelantes al hacer la reconstruc-
ción se extendieron fuera de los sitios que comprendía la parte que se iba a
reedificar.   La corte inferior, a petición de los demandantes, expidió un
*injunction* preliminar que luego convirtió en perpetuo prohibiendo dicha re-
construcción.   Se resolvió:

  1. Que los demandados al reconstruir fuera de los límites marcados en el
permiso que les fué otorgado por el municipio infringieron la ordenanza
municipal relativa a dicho permiso y causaron perjuicios a la sociedad de-
mandante dueña de la casa contigua.

  2. Que los hechos probados justifican la concesión del *injunction* perpetuo
decretado por la corte inferior, no estando obligada la sociedad demandante
a dirigir su acción contra el municipio de Gurabo.   .

  3. Que la inspección ocular hecha por el Concejo Municipal de Gurabo no
podía ser tomada en consideración por este tribunal, porque está en contra-
dicción con las pruebas practicadas, las cuales deben regir para la resolución
de este caso.

Los hechos están expresados en la opinión.

Abogado de la apelada: *Sr. Francisco González.*

Abogado de los apelantes: *Sr. Eugenio Benítez Castaño.*

El Juez Presidente Sr. Hernández, emitió la opinión del
tribunal.

Con fecha 21 de mayo del año próximo pasado, la entidad
Sociedad Agrícola de Gurabo presentó solicitud de *injunc-
tion* a la Corte de Distrito de Humacao contra Ursula Her-
nández de Morales y Santiago Morales, con súplica de que se
ordenara a los demandados, subalternos, empleados, sirvien-
tes, representantes o agentes de los mismos, se abstuvieran
todos y cada uno de ellos de continuar la obra que estaban

ejecutando hacia el sur de la casa de la propiedad de los demandados que se describe en la demanda, a no mediar resolución o sentencia de tribunal competente, y habiendo solicitado la demandante la expedición de una orden de entredicho o *restraining order*, se acordó así mediante prestación de la correspondiente fianza, habiéndose limitado luego el entredicho a moción de los demandados, a sólo la parte sur del lado izquierdo de la casa de los mismos.

Señalado día para que los demandados manifestaran causa por la que no debiera expedirse el *injunction* solicitado, comparecieron éstos a la vista que se celebró en 6 de junio de 1912, y después de haber contestado la demanda y practicadas pruebas por ambas partes, la corte, apreciando en conjunto la prueba presentada, establece como ciertos y probados los siguientes hechos:'

*Primero.* Que la demandante y los demandados son vecinos residentes de Gurabo, la primera una sociedad agrícola, y los segundos, casados y mayores de edad.

*Segundo.* Que la demandante es dueña de una finca urbana, casa terrera de maderas y techada de tejas de barro, sita en la calle de Santiago del pueblo de Gurabo, en solar del municipio de dicho pueblo, de catorce metros ochenta centímetros de frente, por trece metros setenta centímetros de fondo, midiendo la fabricada, doce metros cuarenta centímetros de frente, por siete y medio metros de fondo, lindando por su derecha entrando, que es el norte, con casa de los demandados; por su izquierda, que es el sur, con casa de Don Celestino Morales; por su fondo, que es el oeste, con casa de Don Isidoro Carrasquillo, y por su frente, que es el este, con la citada calle de Santiago. Cuya casa la adquirió la demandante por conducto de Don Manuel Seoane, por compra a la Sucesión Díaz, en 7 de noviembre de 1911.

*Tercero.* Que los demandados son dueños de una casa de maderas, terrera, cubierta de tejas de barro, sita en la esquina de las calles, "Santiago" y "Lago" del pueblo de Gurabo, colindando por el norte con la calle de Lago, por el sur con

la casa de la Sociedad Agrícola de Gurabo; por el este, con la calle de Santiago, y por el oeste con Don Santiago Morales.

*Cuarto*. Que en 15 de mayo de 1912, el Concejo Municipal de Gurabo votó una ordenanza municipal concediéndole a la demandada, Ursula Hernández de Morales, permiso para reedificar o recomponer, la parte trasera de la casa descrita en el hecho tercero, en la parte correspondiente al comedor, cocina y letrina de la misma, cuya reconstrucción se verificaría en los mismos puntos y en el mismo sitio que ocupaba la parte que se deseaba reparar, cuyo permiso fué ratificado por otra ordenanza aprobada en 31 de mayo de 1912.

*Quinto*. Que de acuerdo con dicho permiso, la demandada empezó la recomposición de su casa referida, destruyendo y reedificando de nuevo un colgadizo existente en la parte sur de dicha casa y en el callejón comprendido entre la casa de la demandante y la de los demandados, cuyo colgadizo nacía de la parte trasera de la casa, yendo hacia adelante al largo del callejón, midiendo un ancho por la parte de atrás de cinco pies nueve pulgadas, por un largo de doce pies siete pulgadas, con un ancho por la parte del frente de tres pies una pulgada, cuyas dimensiones aparecen marcadas en el plano con las letras *a* a *b*, de *a* a *c*, y de *c* a *d*, respectivamente.

*Sexto*. Que al hacer dicha reconstrucción, los demandados extendieron y agrandaron dicho colgadizo, quedando de las siguientes dimensiones: por la parte de atrás, cinco pies nueve pulgadas; por el costado hacia el largo del callejón, de veinte pies cinco pulgadas, y un ancho de frente, de tres pies y una pulgada.

*Séptimo*. Que la distancia que existe entre dichas casas actualmente, es de tres pies once pulgadas en la parte de atrás, y en la del frente, de siete pies cuatro pulgadas.

*Octavo*. Que tanto las casas de los demandantes y demandados, como el colgadizo primitivo han sido construídos hace mucho tiempo, y las reparaciones llevadas a cabo en el dicho colgadizo están aún sin concluir.

*Noveno*. Que el Concejo Municipal de Gurabo en 31 de

agosto de 1911, votó una ordenanza que fué aprobada en 3
de septiembre del mismo año, en cuya ordenanza municipal
y en la sección quinta de la misma, se ordena que entre dos
casas de madera deberá existir un espacio de dos metros, y
que dicho espacio se entenderá dividido en dos partes iguales
correspondiendo un metro a la servidumbre de cada casa
contigua. Que tanto esta ordenanza como las anteriores están
vigentes.

*Décimo.* Que los solares en que radican las casas de las
partes litigantes pertenecen al municipio de Gurabo y no
han sido deslindados.

Bajo esos hechos y a virtud de las conclusiones de derecho
que la corte estimó aplicables al caso, fué pronunciada sen-
tencia en 17 de junio del año pasado en los siguientes tér-
minos:

"Que la ley y los hechos están a favor de la parte demandante
y en contra de la parte demandada, y por tanto debe dictar y dicta
una orden de *injunction* perpetuo, ordenándose a los demandados
Ursula Hernández de Morales, y Santiago Morales y sus represen-
tantes, mandatarios o empleados, por sí o por persona intermedia,
se abstengan de fabricar o permitir que se fabrique en la parte sur
de su casa, sita en la esquina de las calles de Santiago y Lago del
pueblo de Gurabo, número 29, o en su colindancia con la casa de la
Sociedad Agrícola de Gurabo, un colgadizo o estructura cualquiera,
que sea mayor de las siguientes medidas: por la parte trasera a par-
tir de la esquina de la casa, cinco pies nueve pulgadas de ancho, línea
*a a b* del plano; de la parte atrás, hacia adelante a lo largo del calle-
jón, de una longitud de doce pies siete pulgadas, o sea la línea *a*
*a c* del plano; por la parte del frente, de un ancho de tres pies y
una pulgada hasta llegar al seto de la casa, o sea de líneas *c y d* del
plano, quedando por tanto impedidos de realizar acto alguno refe-
rente a dicha construcción, que no sean los autorizados por esta
sentencia. Sin especial condenación de costas."

Contra esta sentencia interpuso la representación de los
demandados recurso de apelación para ante esta Corte Su-
prema y en apoyo del recurso alega los siguientes motivos:

*Primero.* Que la sociedad demandante no ha sufrido ni

sufriría perjuicio alguno por virtud de las obras de los demandados.

*Segundo.* Que siendo el municipio de Gurabo dueño de los solares de que se trata y habiendo ratificado dentro de sus facultades la concesión que hizo a Ursula Hernández, aun después de haberse .dictado por la corte de distrito el *restraining order,* dicha corte no ha, debido intervenir en el caso por medio del *injunction.*

*Tercero.* Que la sociedad demandante carece de causa de acción por no haberse probado en el juicio que los demandados hayan invadido parte alguna de su solar y por ser inaplicable al caso la ordenanza que exige dos metros de separación entre casas de madera.

*Cuarto.* Que en todo caso la demandante si se consideraba perjudicada, ha debido dirigir su acción no contra los demandados que son simplemente usufructuarios, sino contra el municipio de Gurabo que es el dueño de los solares en cuestión.

Es un hecho establecido por el juez como probado y no impugnado por la parte apelante, que el Concejo Municipal de Gurabo le concedió permiso para reedificar o recomponer la parte trasera de su casa correspondiente al comedor, cocina y letrina de la misma y que esa reconstrucción había de verificarse en los mismos puntos y en el mismo sitio que ocupaba la parte que se deseaba reparar. Dicha parte apelante no se sujetó en el uso del permiso a los términos en que le fué concedido, pues al hacer la reconstrucción, el colgadizo destinado a comedor, cocina y letrina que antes medía una longitud de 12 pies y 7 pulgadas se extendió en ese sentido hasta 20 pies 5 pulgadas. Al proceder así, además de infringir la ordenanza del Concejo Municipal de Gurabo contentiva del permiso, causó perjuicio a la sociedad demandante, la que si luego quisiera construir su casa de nuevo, tendría forzosamente que dejar libre el espacio de dos metros que debe existir entre las casas de maderas según la sección décimaquinta de la ordenanza de 31 de agosto de 1911.

La intervención de la Corte de Distrito de Humacao en el caso, accediendo al *injunction* solicitado está suficientemente justificada, pues la parte demandada no se atemperó a los términos del permiso que le fué concedido por el Concejo Municipal de Gurabo para reparar su casa dentro de los límites que le fueron indicados, y al proceder como procedió vulneraba los derechos de la parte demandante y apelada.

Y la sociedad demandante, atendidos los hechos probados en el juicio, tiene causa de acción contra los demandados, pues aunque en el presente caso no sea aplicable la ordenanza que exige dos metros de separación entre casas de madera, esa ordenanza tendría que aplicarse si la parte demandante en uso de su derecho, quisiera destruir su casa y levantarla de nuevo.

No hay motivo alguno para que la Sociedad Agrícola de Gurabo deba dirigir su acción contra el municipio de dicho pueblo, pues ese municipio no ha infringido derecho alguno de la dicha sociedad, atendidos los términos del permiso concedido a los demandados para reconstruir la parte trasera de su casa.

Aunque el Concejo Municipal de Gurabo hizo constar después de haber verificado una inspección ocular, que Ursula Hernández se había sujetado en todo a los términos de la concesión, puesto que había hecho la reedificación en los mismos puntos y en la misma línea que ocupaba la parte destruída, como el resultado de esa inspección está en contradicción abierta con las pruebas practicadas en el presente caso, a esas pruebas y no a otras debemos atenernos para la resolución del recurso.

Por las razones expuestas es de confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.